IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | | |
|---|---|---|
| BARBARA ANN JONES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| RYDER INTEGRATED LOGISTICS, INC. and | ) | |
| UNUM GROUP CORPORATION | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Comes now the Plaintiff, BARBARA ANN JONES, who would respectfully show unto this Honorable Court as follows:

1. The Plaintiff, Barbara Ann Jones, is a citizen and resident of Coffee County, Tennessee.

2. The Defendant Ryder Integrated Logistics, Inc. is Tennessee Corporation with its corporate headquarters in Miami, Florida.

3. The Defendant Unum Group Corporation is a Tennessee Corporation with its corporate headquarters in Chattanooga, Tennessee.

4. This case involves a dispute regarding coverage under an employer provided life insurance policy that is governed by ERISA; therefore, this court has jurisdiction because this case raises a federal question.

1

5. The Plaintiff is the widow of Sammy D. Jones.

6. Before Mr. Jones' death, he worked for Ryder Integrated Logistics, Inc. for a total of sixteen (16) years.

7. Mr. Jones obtained a life insurance policy through his employer Ryder Integrated Logistics, Inc. in the amount of four (4) times his annual earnings. Ryder Integrated Logistics, Inc. contracted with Unum Group Corporation who provided said life insurance policy. The Plaintiff was the named beneficiary of the life insurance policy.

8. In 2004 Mr. Jones was diagnosed with cancer and he was approved for long-term disability. As of the date of Mr. Jones' diagnoses with cancer, Mr. Jones' had paid all premiums for his life insurance policy and the policy was in full effect.

9. In August of 2007, Mr. and Mrs. Jones attempted to make a claim for Dental Benefits under their policy and they were informed that their dental and life insurance policies had been canceled.

10. Mr. and Mrs. Jones were never given any notice as to any change in their benefit plan. They were never advised of a need to renew their life insurance policy or to pay any additional premiums in order for it not to be canceled. Had Mr. and Mrs. Jones been given such notice they would have done whatever was necessary for the life insurance policy not to be canceled because Mr. Jones was terminally ill.

11. Mr. Jones died on January 14, 2009 and the Defendants have refused to pay any benefits to Mrs. Jones.

12. The Plaintiff would allege the following causes of action:

2

A. **Wrongful Denial of Benefits** - Plaintiff alleges she is entitled to recover damages pursuant to 29 U.S.C. § 1132(a)(1)(B). The Plaintiff alleges that no notice as to a need to renew the life insurance policy or a need to pay additional premiums etc. was given to Mr. or Mrs. Jones, and therefore, the life insurance policy was wrongfully canceled.

Furthermore, Plaintiff alleges there were procedural deficiencies of lack of due process and/or administrator bias in the denial of life insurance benefits. Although the plaintiff has requested a written explanation for the denial of benefits, a copy of the life insurance policy, and a summary plan description from Ryder Integrated Logistics, Inc., Ryder Integrated Logistics, Inc. has not provided the requested information.

B. **Breach of Fiduciary Duty** – Plaintiff alleges she is entitled to recover damages pursuant to 29 U.S.C. § 1109. The Plaintiff alleges that Defendants breached their fiduciary duty by failing to give the Plaintiff or her deceased husband notice that the life insurance policy would be canceled if certain actions, such as additional premiums etc., were not done.

C. **Equitable Relief** – The Plaintiff alleges she is entitled to damages based on equitable estoppel pursuant to 29 U.S.C. § 1132(a)(3)(B). The Plaintiff alleges the Defendants should be equitably estopped from denying life insurance benefits in this case because neither the Plaintiff nor her deceased husband were given notice that the life insurance policy would be canceled if certain actions, such as additional premiums etc., were not done.

3

Wherefore premises considered, your Plaintiff prays:

1. That a copy of this Complaint be served on the Defendants.

2. That the Plaintiff be awarded the sum of $250,000 in damages.

3. That the Plaintiff recover he reasonable attorney fees pursuant to 29 U.S.C. § 1132(g)(1).

4. For such other, further and general relief to which she may be entitled.

Respectfully submitted,

By: _____
ERIC J. BURCH BPR# 019320 &
DAVID L. CLARKE BPR# 027153
Attorney for Plaintiff
200 South Woodland Street
Manchester, TN 37355
(931) 723-7997

## COST BOND

WE GO SURETY FOR COSTS NOT TO EXCEED $500.00

By: _____
ERIC J. BURCH